UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF NEW YORK

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

v.

82-18 ROOSEVELT AVENUE, INC. D/B/A
TIERRAS COLOMBIANAS; SOFIA ANTONAKOS,
Individually; and KATHRYN ANTONAKOS,
Individually,

                Defendants.

Civil Action

File No. 08-1836 (JG)

**CONSENT JUDGMENT**

---

Plaintiff ("the Secretary") has filed her complaint and defendants appeared by Counsel and an agreement was reached by the parties to resolve the issues raised in this action. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment, and that the defendants, without admitting the alleged violations, consent to the entry of this Judgment; it is, therefore, upon motion of the attorneys for plaintiff and for good cause shown:

    I.    ORDERED, ADJUDGED, AND DECREED that defendants 82-18 ROOSEVELT AVENUE, INC. D/B/A TIERRAS COLOMBIANAS, SOFIA ANTONAKOS and KATHRYN ANTONAKOS, their officers, agents, and employees, and all persons acting or claiming to act in their interest are permanently enjoined and restrained from violating the provisions of section 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201 et seq.), ("the Act"), in any of the following manners:

    (1)    Defendants shall not, contrary to section 7 of the Act, employ any of their employees in any workweek who are employed in an enterprise engaged in commerce, within the meaning of

the Act, for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to section 11(c) of the Act and found at 29 CFR Part 516; and

Further, the Court finding, as agreed by Defendants that FIFTY-FIVE THOUSAND, THREE HUNDRED TWO DOLLARS AND TWENTY-FOUR CENTS ($55,302.24) in overtime compensation and THIRTEEN THOUSAND, EIGHT HUNDRED AND TWENTY-FIVE DOLLARS AND SEVENTY-SIX CENTS ($13,825.76) in liquidated damages, plus post-judgment interest in the amount of $668.82, shall be paid to certain employees listed on Schedule A, it is:

II. ORDERED, ADJUDGED, AND DECREED that the defendants 82-18 ROOSEVELT AVENUE, INC. D/B/A TIERRAS COLOMBIANAS, SOFIA ANTONAKOS and KATHRYN ANTONAKOS are restrained from the withholding of the payment of overtime compensation, liquidated damages and post-judgment interest due to their employees in the total sum of **$69,796.82**. Payment of the overtime compensation, liquidated damages and post-judgment interest shall be made in one lump-sum payment of $25,000 and the remaining sums will be paid in eleven (11) monthly installments according to Schedule B. The lump-sum payment of $25,000 shall be paid by defendants on or before May 15, 2009 by delivering a certified check made payable to **"Wage and Hour-Labor"** to the following address:

U.S. Department of Labor
Wage and Hour Division
170 S. Independence Mall West, Suite 850W
Philadelphia, PA 19106

"**Case No. 1455005" must be written on the face of the check.** The plaintiff shall deliver the proceeds of the check less any legal deductions to the employees as indicated in Schedule A.

The eleven installment payments shall be made by defendants by delivering lump-sum certified checks in accordance with the amounts and dates set forth in Schedule B, made payable to "Wage and Hour-Labor" to the following address:

U.S. Department of Labor
Wage and Hour Division
170 S. Independence Mall West, Suite 850W
Philadelphia, PA 19106

"**Case No. 1455005" must be written on the face of each check.** The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees as indicated in Schedule A.

In the event that any one installment payment is not made within 10 days of the due date as set forth above, the plaintiff shall send written notice to defendants of their failure to pay. Defendants shall have 15 days from the date of the letter to cure to make payment. Failure to cure within the 15 days will result in all remaining installment payments becoming due immediately.

Neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages and post-judgment interest under this Judgment.

Any sums not distributed to the employees named herein, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such

sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

Defendants shall assist the U.S. Department of Labor in the distribution of the back wages and post-judgment interest due by providing the last known addresses and social security numbers of the defendants' employees and former employees to be paid.

III. ORDERED, ADJUDGED, AND DECREED that, on or before **May 15, 2010**, the defendants shall pay a Fair Labor Standards Civil Money Penalty in the amount of **$2,805** by delivering a check made payable to **"Wage and Hour-U.S. Labor"** in that amount to the following address:

**U.S. Department of Labor
Wage and Hour Division
170 S. Independence Mall West, Suite 850W
Philadelphia, PA 19106**

**"Case No. 1455005" must be written on the face of the check.**

IV. ORDERED that if the defendants fail to make the payments as set forth above, upon notice to the defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed, it is further

V. ORDERED that defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment; and it is further

VI. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

VII. ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

VIII. ORDERED that the Receiver shall have full authority that, in the discretion of the Court, shall be necessary and permissible to effectuate all of the terms of this Consent Judgment.

IX. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendants not listed in Schedule A of this Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Schedule A of this Judgment to file any action against defendants under section 16(b) of the Act for any violations alleged to have occurred after January 5, 2007.

X. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED: 5-19-09

s/John Gleeson
_____
UNITED STATES DISTRICT JUDGE

Defendants appeared by counsel
and the entry of this
Judgment is hereby consented to
by defendants.

BY: SOPHIA _____
SOPHIA ANTONAKOS, President
82-18 ROOSEVELT AVENUE, INC. D/B/A TIERRAS COLOMBIANAS

_____
SOFIA ANTONAKOS, Individually
SOPHIA A.

_____
KATHRYN ANTONAKOS, Individually

_____
JUDITH A. STOLL, ESQ.
Attorney for Defendants

# SCHEDULE A

| Date Due | 05/15/2009 | | | |
|---|---|---|---|---|
| | Valerio Aguilar | $1,200.00 | $0.00 | $1,200.00 |
| | Moises Agustin Barrios | $2,808.50 | $0.00 | $2,808.50 |
| | Hermelindo Ceron | $1,912.50 | $0.00 | $1,912.50 |
| | Hector Cordoba | $1,200.00 | $0.00 | $1,200.00 |
| | Samuel Juarrez | $4,500.00 | $0.00 | $4,500.00 |
| | Adrian Molana | $5,810.00 | $0.00 | $5,810.00 |
| | Maritza Montoya | $2,910.00 | $0.00 | $2,910.00 |
| | Placido Muniz | $4,659.00 | $0.00 | $4,659.00 |
| Date Due | 06/15/2009 | | | |
| | Placido Muniz | $516.00 | $1.31 | $517.31 |
| | Maurilio Muniz | $3,484.00 | $14.06 | $3,498.06 |
| Date Due | 07/15/2009 | | | |
| | Maurilio Muniz | $2,036.00 | $5.02 | $2,041.02 |
| | Rene Orrego | $1,964.00 | $23.39 | $1,987.39 |
| Date Due | 08/15/2009 | | | |
| | Rene Orrego | $2,700.40 | $6.88 | $2,707.28 |
| | Miguel Rodriguez | $1,299.60 | $39.13 | $1,338.73 |
| Date Due | 09/15/2009 | | | |
| | Miguel Rodriguez | $3,875.40 | $9.87 | $3,885.27 |
| | Francisco Rodriguez | $124.60 | $55.80 | $180.40 |

| | EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|---|
| **Date Due** | **10/15/2009** | | | |
| | Francisco Rodriguez | $4,000.00 | $13.30 | $4,013.30 |
| **Date Due** | **11/15/2009** | | | |
| | Francisco Rodriguez | $1,395.40 | $3.56 | $1,398.96 |
| | Alejandro Salazar | $2,604.60 | $73.05 | $2,677.65 |
| **Date Due** | **12/15/2009** | | | |
| | Alejandro Salazar | $2,225.40 | $5.49 | $2,230.89 |
| | Enrique Velasquez | $1,774.60 | $91.46 | $1,866.06 |
| **Date Due** | **01/15/2010** | | | |
| | Enrique Velasquez | $3,425.40 | $8.73 | $3,434.13 |
| | David Dubon | $574.60 | $19.03 | $593.63 |
| **Date Due** | **02/15/2010** | | | |
| | David Dubon | $370.40 | $0.94 | $371.34 |
| | Raul Gonzalez | $3,629.60 | $98.45 | $3,728.05 |
| **Date Due** | **03/15/2010** | | | |
| | Raul Gonzalez | $710.40 | $1.63 | $712.03 |
| | Rolando Mauricio | $3,150.00 | $78.71 | $3,228.71 |
| | Jose Taurino Mendez | $139.60 | $41.98 | $181.58 |
| **Date Due** | **04/15/2010** | | | |
| | Jose Taurino Mendez | $1,540.40 | $3.92 | $1,544.32 |
| | Melvan Orrego | $787.50 | $21.68 | $809.18 |
| | Esteban Osorio | $900.00 | $24.78 | $924.78 |
| | Pedro Escobar | $900.00 | $24.78 | $924.78 |
| | | $69,127.90 | $666.95 | $69,794.85 |

# SCHEDULE B

| Payment Due Date | Backwages Due | Interest Due | Total Due |
|---|---|---|---|
| May 15, 2009 | $25,000.00 | $ 0.00 | $25,000.00 |
| June 15, 2009 | $ 4,000.00 | $ 15.37 | $ 4,015.37 |
| July 15, 2009 | $ 4,000.00 | $ 28.96 | $ 4,028.96 |
| August 15, 2009 | $ 4,000.00 | $ 45.79 | $ 4,045.79 |
| September 15, 2009 | $ 4,000.00 | $ 65.67 | $ 4,065.67 |
| October 15, 2009 | $ 4,000.00 | $ 13.75 | $ 4,013.75 |
| November 15, 2009 | $ 4,000.00 | $ 76.39 | $ 4,076.39 |
| December 15, 2009 | $ 4,000.00 | $ 97.56 | $ 4,097.56 |
| January 15, 2010 | $ 4,000.00 | $ 27.48 | $ 4,027.48 |
| February 15, 2010 | $ 4,000.00 | $ 99.39 | $ 4,099.39 |
| March 15, 2010 | $ 4,000.00 | $123.68 | $ 4,123.68 |
| April 15, 2010 | $ 4,127.90 | $ 74.78 | $ 4,202.68 |
| **TOTALS:** | **$69,128.00** | **$668.82** | **$69,796.82** |

RESOLVED, that 82-18 ROOSEVELT AVENUE, INC. D/B/A TIERRAS COLOMBIANAS hereby ratifies and confirms the offer made to HILDA L. SOLIS, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of the Consent Judgment, said judgment to be entered in an action which has been filed by HILDA L. SOLIS, Secretary of Labor, against the corporation and the officers of the corporations be, and they hereby are, authorized to do and perform all acts and things necessary to effectuate the provisions of said judgment and any or all stipulations, amendments and changes therein.

The undersigned, SOFIA ANTONAKOS, Owner and President of 82-18 ROOSEVELT AVENUE, INC. D/B/A TIERRAS COLOMBIANAS, hereby certifies that the foregoing is a true copy of a resolution adopted by the Corporation, as evidenced by the signature of the officer of the Corporation who is duly authorized to bind the Corporation to the terms of this injunction against it. The undersigned further certifies that SOFIA ANTONAKOS whose signature appears below is of said corporation and that he has duly been authorized by said resolution to execute the aforementioned consent to the entry of said judgment on behalf of the corporation.

_____
(AUTHORIZED OFFICER)

STATE OF NEW YORK )
:SS:
COUNTY OF NEW YORK )

On the 4th day of May, 2009 before me came SOFIA ANTONAKOS, to me known, who, being by me duly sworn, did depose and say that she is the Owner and President of 82-18 ROOSEVELT AVENUE, INC. D/B/A TIERRAS COLOMBIANAS, the corporation described in and which executed the foregoing instrument, that she is a duly authorized officer of said corporation, and that she signed her name thereto by like order.

_____
NOTARY PUBLIC

JUDITH A. STOLL
NOTARY PUBLIC, State of New York
No. 01ST4955454
Qualified in New York County
Commission Expires Dec. 31, 2009

STATE OF NEW YORK )
:SS
COUNTY OF NEW YORK )

On the 4th day of May, 2009 before me personally appeared SOFIA ANTONAKOS to me known and known to me to be the individual described in and who executed the foregoing instrument and she duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

JUDITH A. STOLL
NOTARY PUBLIC, State of New York
No. 01ST4955454
Qualified in New York County
Commission Expires Dec. 31, 2009

STATE OF NEW YORK  )
                    :SS
COUNTY OF NEW YORK )

On the 1st day of ~~April~~ May, 2009 before me personally appeared KATHRYN ANTONAKOS to me known and known to me to be the individual described in and who executed the foregoing instrument and she duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

JUDITH A. STOLL
NOTARY PUBLIC, State of New York
No. 01ST6355294
Qualified in New York County
Commission Expires Dec. 31, ~~19~~ 2009